UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOAN A. ROBERTS,                )
                                )   CASE NO. C10-188Z
                 Plaintiff,     )
                                )
        v.                      )   ORDER
                                )
DEPARTMENT OF LABOR AND         )
INDUSTRIES,                     )
                                )
                 Defendant.     )
_____ )

        THIS MATTER comes before the Court on the Motion for Summary Judgment,

docket no. 31, filed by Defendant Washington State Department of Labor and Industries

("DLI").   DLI has moved to strike the materials submitted by Plaintiff Joan Roberts

("Roberts") in opposition to the motion for summary judgment.   See Reply at 1-3,

docket no. 44.   Having reviewed the submissions of the parties, the Court enters the

following Order.

ORDER -1

01  **I.      Facts**

02         Plaintiff was employed by the DLI as a Vocational Service Specialist for

03  approximately twenty-five years.   O'Neill Decl., Ex. 1, (Roberts Dep.) at 17:2-17,

04  docket no. 40.   Part of plaintiff's job included assisting injured workers in their efforts

05  to return to work under the State's Early Return to Work Program ("ERTW").   Paja

06  Decl., ¶ 7, docket no. 39.   Peggy Halstead supervised Roberts at DLI.   Id., ¶ 11.

07         DLI terminated plaintiff's employment on December 17, 2008 for, among other

08  things, substandard performance in her handling of ERTW cases,[1] insubordination, and

09  her disrespectful attitude toward her supervisor.   Id., Ex. B.   Roberts filed the present

10  lawsuit on January 29, 2010, alleging that DLI failed to promote her and terminated her

11  employment because she is an African-American.   See Am. Compl., docket no. 6.

12

13  **II.     Discussion**

14         **A.      DLI's Motion to Strike**

15         DLI moves to strike the Motion for Relief[2] filed by Roberts under seal, docket

16  nos. 41-42, for Roberts's failure to comply with local court rules regarding the sealing of

17

18

---

19  [1]  Specifically, DLI expected employees to close 35% of ERTW cases within a specified period of time.   Paja
    Decl., ¶ 8, docket no. 39.   Plaintiff fell below DLI's standard.   Id., ¶ 39.

20  [2]  The "motion for relief" consists of a short pleading with a prayer for relief, along with over 150 pages of
    appended materials.   See Mot., docket no. 41.   The pages consist of the following: (1) EEOC filings;
21  (2) Washington Employment Security Division filings related to Roberts's attempt to secure unemployment
    benefits after her termination; (3) certificates of service; (4) emails; (5) letters; and (6) DLI benefit claim files that
22  Roberts worked on during her tenure with DLI.   See docket no. 41.   The Court construes plaintiff's "motion for
    relief" as her response to DLI's motion for summary judgment.

ORDER -2

01   confidential documents.   See Local Rule CR 5(g)(2).[3]   DLI also moves to strike

02   Roberts's declarations, filed in opposition to DLI's motion for summary judgment, see

03   docket no. 43, because the declarations are not sworn or made on personal knowledge.

04        The Court GRANTS in part and DENIES in part the Motion to Strike filed by

05   DLI, Reply, docket no. 44.   The Court GRANTS in part DLI's motion and STRIKES

06   the declarations filed by plaintiff, docket no. 43, in opposition to summary judgment.

07   The captions of the declarations imply that they contain testimony from the same

08   witnesses who filed declarations in support of DLI's motion, but those witnesses did not

09   sign the declarations submitted by plaintiff.   The declarations instead appear to be

10   plaintiff's declarations.   In addition, the declarations are unsworn and they contain no

11   facts.   Instead, they merely state, in a conclusory fashion, that the majority of the

12   material in each of DLI's respective declarations is false.   The declarations are not

13   properly before the Court for consideration on summary judgment.

14        The Court DENIES in part DLI's motion to strike the response, docket nos.

15   41-42, filed by Roberts in opposition to summary judgment.   Although plaintiff failed

16   to comply with local court rules regarding the sealing of confidential materials, plaintiff

17   filed a redacted version of her response that provided DLI with sufficient information to

18   prepare a reply.   See docket no. 41.

19        ///

20        ///

21

22

---

[3] DLI also moves to strike the materials as unauthenticated hearsay.

ORDER -3

**B.     DLI's Motion for Summary Judgment**

Summary judgment shall be granted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.   Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).   When a properly supported motion for summary judgment has been presented, the adverse party "may not rest upon the mere allegations or denials" of its pleadings.   Fed. R. Civ. P. 56(e).   The non-moving party must set forth "specific facts" demonstrating the existence of a genuine issue for trial.   Id.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

The materials appended to plaintiff's response, see docket no. 41, consist entirely of unsworn, unauthenticated hearsay.   See Fed. R. Evid. 801, 802, and 901. Accordingly, plaintiff has not met her burden of submitting admissible evidence and summary judgment is appropriate.   See Fed. R. Civ. P. 56(e)(3).   Moreover, even if the Court disregarded the evidentiary deficiencies in plaintiff's submissions, plaintiff has not submitted materials that demonstrate that there is a genuine issue of material fact for trial on her claims for disparate treatment, retaliation and hostile work environment.[4]

---

[4]  In addition to these claims, plaintiff's amended complaint appears to allege a state common law claim for defamation.   Am. Compl. at 3, docket no. 6.   DLI argues that even if plaintiff is pursuing a claim for defamation, her claim is barred by her failure to comply with the statutory requirements for filing a tort claim against a state agency.   See RCW 4.92.100-.110.   The Court agrees.   Accordingly, to the extent raised, plaintiff's common law defamation claim is DISMISSED without prejudice.   See Levy v. State, 91 Wn. App. 934, 942, 957 P.2d 1272 (1998).

ORDER -4

### 1.   Roberts's Disparate Treatment Claim

Roberts's complaint alleges disparate treatment by her supervisor, Peggy Halstead.   To establish a prima facie claim for disparate treatment, Roberts must show that (1) she belongs to a protected class; (2) she was performing her job in a satisfactory manner; (3) she was subjected to an adverse employment action; and (4) she was treated differently than a similarly situated, non-protected employee by her employer. Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006).

Although Roberts's amended complaint alleges that DLI terminated her employment because of her race, nothing in any of Roberts's submissions in opposition to summary judgment shows that DLI treated her differently than a similarly situated, non-protected employee.   Conversely, the evidence submitted by DLI demonstrates that the department did not treat Roberts differently.   For example, contrary to the allegations in Roberts's amended complaint, Halstead never assigned "bad" ERTW cases to Roberts, or any other employee.   Halstead Decl. ¶ 11, docket no. 34.   Instead, Halstead distributed the work evenly to the caseworkers in Roberts's unit.   Id.; see also Hallauer Decl. ¶ 14, docket no. 32.   In her deposition, Roberts testified that she did not know how Halstead distributed the work.   O'Neill Decl., Ex. 1 (Roberts Dep.) at 98:9-14.[5]

---

[5] Roberts also submitted no evidence that supports her contention that she was not promoted to a managerial position because of her race.

01        Even if the Court liberally construes Roberts's submissions, the record contains

02 insufficient evidence to establish a prima facie case of employment discrimination

03 because Roberts submitted no evidence that suggests that her employer treated her

04 differently because of her race.   DLI is entitled to summary judgment on Roberts's

05 disparate treatment claim.

06                2.       Roberts's Retaliation Claim[6]

07        To establish a retaliation claim, a plaintiff must show that (1) she engaged in a

08 protected activity; (2) she suffered an adverse employment action; and (3) there is a

09 causal link between the protected activity and the employment decision.   Raad v.

10 Fairbanks N. Star Borough Sch. Dist., 323 F.3d 1185 (9th Cir. 2003).

11

12        Here, Roberts alleges that Halstead retaliated against her after she complained to

13 Halstead's superiors.   But the record contains no evidence of any causal link between

14 plaintiff's complaints about Halstead and her termination.   To the contrary, it was Alan

15 Paja, not Roberts's supervisor Halstead, who decided to terminate plaintiff's

16 employment.   Paja Decl., ¶ 26, docket no. 39.   Paja made the decision to terminate

17 Roberts independently, without any input from Halstead, and after a lengthy

18 investigation that he detailed in a thoroughly prepared letter to Roberts.   Id. at Ex. B.

19 Plaintiff also has not shown that she engaged in any of the type of protected activity that

20

21 _____

[6] Roberts's own submissions indicate that her EEOC grievance only identified her termination as a basis for her
discrimination claim.   See docket no. 41 at 5 (EEOC grievance form).   It appears that Roberts did not exhaust her
administrative remedies as to her (1) disparate treatment claim for non-promotion; (2) retaliation claim; and

22 (3) hostile work environment claim.   See Leong v. Potter, 347 F.3d 1117, 1122 (9th Cir. 2003) ("The
jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation.").
Accordingly, plaintiff's failure to exhaust is an alternative ground supporting dismissal of these claims.

01 would give rise to a retaliation claim.   See Learned v. City of Bellevue, 860 F.2d 928,

02 931 (9th Cir. 1988) (plaintiff engages in protected activity when she opposes what she

03 reasonably believes to be unlawful discrimination).   Summary judgment on plaintiff's

04 retaliation claim is appropriate.

05                             3.     Roberts's Hostile Work Environment Claim

06          To establish a claim for hostile work environment, plaintiff must prove (1) that

07 she was subjected to verbal or physical conduct of a racial nature; (2) that the conduct

08 was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the

09 conditions of the plaintiff's employment and create an abusive work environment.

10 Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003).

11          Roberts submitted no evidence of racially inappropriate behavior by anyone at

12 DLI.   Roberts merely speculates that her confrontations with Halstead were motivated

13 by Halstead's racial animus towards African-Americans.   The record contains no

14 evidence of the type of severe and pervasive conduct that gives rise to a claim for hostile

15 work environment.   Summary judgment is also granted on plaintiff's claim for hostile

16 work environment.

17 **III.   Conclusion**

18          For the reasons set forth in this Order, the Court GRANTS in part and DENIES in

19 part DLI's motion to strike, Reply, docket no. 44.   The Court STRIKES plaintiff's

20 declarations in opposition to summary judgment, docket no. 43.

ORDER -7

01        The Court further GRANTS DLI's Motion for Summary Judgment, docket

02 no. 31, and DISMISSES plaintiff's claims with prejudice.   The Court DENIES

03 plaintiff's motion for relief, docket no. 41, to the extent the motion contains a prayer for

04 relief.   The Clerk is directed to enter final judgment dismissing the case with prejudice.

05        IT IS SO ORDERED.

06        DATED this 26th day of October, 2010.

07

08

09                                    Thomas S. Zilly
                                      United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22